# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE FACEBOOK ACCOUNT SERVICED BY META PLATFORMS, INC.** | ML No. 23-ml-506 |

*Reference:*   DOJ Ref. # CRM-182-76707; Subject Account: User ID 697705975

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the application of the Treaty Between the United States of America and the Kingdom of the Netherlands on Mutual Assistance in Criminal Matters signed at the Hague on 12 June 1981, Neth.-U.S., Sept. 29, 2004, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), and the Council of Europe, Convention on Cybercrime, opened for signature Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Kingdom of the Netherlands ("the Netherlands"). The proposed Order would require Meta Platforms, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Menlo Park, California, to disclose certain records and other information pertaining to the PROVIDER account associated user identification number ("ID") **697705975**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II

of Attachment A to the proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Agreement Annex art. 12 (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute the Netherlands's request has been duly

authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in the Netherlands in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in the Netherlands are investigating an unidentified person (the "suspect") for threats and stalking offenses, which occurred from June 2018 through September 2020, in violation of the criminal law of the Netherlands, specifically, 285 and 285b of the Dutch Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from the Netherlands to

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

provide the requested records to assist in the criminal investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in the Netherlands, the victim, an adult male, filed his first criminal complaint on June 21, 2018, alleging he was being threatened. The victim reported that he received e-mail messages from the suspect, in which the suspect claimed to be untraceable because he used a virtual private network ( "VPN") to mask his activity. The suspect also commented in the e-mail messages about the victim's homosexuality and suggested the victim engaged in sexual acts with minor males.

7. The victim stated that he received his first threat on June 20, 2018, on his personal Facebook profile. The victim's Facebook profile is publicly available. The victim responded to the message by blocking the user.

8. The victim is a photographer and he has his own website. The victim's website features predominately male models. The suspect sent messages to the victim through the victim's photography website. The victim advised that his website forwards messages to his personal e-mail account, and this is how he received the suspect's e-mail messages.

9. The victim estimates that he received more than 100 messages from the suspect divided between the his Facebook account, photography website, and 50plus-net, which is an online meeting place for persons over fifty.

10. On June 28, 2018, the victim reported to police that he received an e-mail message from the suspect threatening to put a bullet in his head.

11. According to investigators, some of the suspect's messages suggest knowledge of the victim's location and how to reach him. The suspect wrote, "Being gay is something that can be remedied. I will send my friends over." The suspect also wrote, "You live in that corner of

the road, don't you?  The darkest part of the road?"

12.The victim filed additioanl criminal complaints on Septemebr 29, 2018, and December 19, 2018.  According to investigators, the victim became more fearful over time as the suspect's messages intensified.  The suspect sent a message stating, "Fictional headline: Tramline ran over little Hansie with 30 km/hr.  He was buried or cremated in multiiple little boxes."  The suspect further stated, "I won't stop until you are completely broken[.]"

13.The victim initiated his own investigation on Facebook and discovered a profile he determined belongs to the suspect, Facebook **ID 697705975**.  The victim was able to access Facebook **ID 697705975** because the profile is public.  The victim concluded Facebook **ID 697705975** belongs to the suspect because the account used the victim's name, the victim's image, and the account contained language almost identical to other messages the victim received.

14.The victim reported that on December 3, 2018, Facebook **ID 697705975** posted a message almost identical to a November 29, 2018, e-mail message sent to the victim's website and a November 29, 2018, message addressed to the victim on 50plus-net.  The victim provided copies of the three communications to law enforcement.

15.Investigating authorities determined that the statements appearing on Facebook, the victim's website, and 50plus-net, were all drafted in the same way, and therefore it is reasonable to surmise that the same person is responsible for the publications on the three platforms.

16.The victim's last contact with the suspect was in September 2020.

17.Considering the suspect claimed to use a VPN to mask the e-mail communications to avoid detection, investigators are seeking to gather information from another

source that may identify the suspect. Investigators are requesting non-content records from PROVIDER for Facebook **ID 697705975**.

## **REQUEST FOR ORDER**

18.    The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in the Netherlands identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Tracy M. Johnson
Trial Attorney
WI Bar Number 1023069
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.  20530
(202) 616-1487 telephone
(202) 514-0080 facsimile
Tracy.Johnson2@usdoj.gov

## **Relevant Provisions of the Dutch Criminal Code**

Article 285

1. Threatening to commit a crime of violence to be openly committed in association with others against persons or property, making threats against an internationally protected person or his protected property by committing any criminal offense which is a danger to the general safety of persons or property, or a general danger to the provision of services, or threatening to commit rape, actual indecent assault, any life-threatening crime, hostage-taking, grievous bodily harm or arson, will be punishable by a prison sentence of a term not exceeding two years or a fine of the fourth category.
2. If such threat takes place in writing and imposes a certain condition, it will be punishable by a prison sentence of a term not exceeding four years or a fine of the fourth category.
3. Threatening to commit a terrorist crime will be punishable by a prison sentence of a term not exceeding six years or a fine of the fifth category.
4. If the offense describe in the first, second, or third paragraph, is committed with a view to preparing or facilitating a terrorist offense, the term of imprisonment by which the offense is punishable will be increased by a third.

Article 285b

1. Any person who unlawfully, systematically, intentionally violates another person's personal privacy with the intention of compelling that other person to act or to refrain from certain acts or to tolerate certain acts or of instilling fear in that person, shall be guilty of stalking and shall be liable to a term of imprisonment not exceeding three years or a fine of the fourth category.
2. Prosecution shall take place only on complaint of the person against whom the serious offence has been committed.